UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS                                                                    NO. 04-11

JAYSON LEE                                                            SECTION "N"

## ORDER AND REASONS

Petitioner Jayson Lee seeks relief, pursuant to 28 U.S.C. § 2255, from his conviction for the following offenses: Count 1 - conspiracy to commit carjacking (18 U.S.C. §371); Count 2 - conspiracy to use firearms during crimes of violence (18 U.S.C. §924(n)); Counts 7, 9 and 11 - carjacking (18 U.S.C. §§2119 and 2); Counts 8, 10 and 12 - using, carrying, and brandishing a firearm (18 U.S.C. §§924(c)(1) and (2)); and Count 17 - felon in possession of a firearm (§922(g) and 924(a)(2)).  Lee's conviction was affirmed by the United States Fifth Circuit Court of Appeals on June 14, 2007.  Lee also seeks an evidentiary hearing in connection with this application.  The Government opposes granting the relief Lee seeks.

### I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Jayson Lee, along with co-defendant Lovelle Lang, were indicted by a Grand Jury in the Eastern District of Louisiana on April 29, 2004.  On March 14, 2005, after a six-day trial of the seventeen count indictment, the jury found Lee guilty of all counts in which he was charged.[1]  Lee was sentenced on February 8, 2006, and received a term of incarceration totaling 835 months.

Lee raised several issues on appeal, however his conviction and sentence were affirmed by the Fifth Circuit.

---

[1] Co-defendant Lang was convicted on Counts 1, 2, 5, 6, 11, 12, 13, 14 and 16; and acquitted on Counts 3, 4, 7, 8, 9 and 10.

1

The underlying facts in this case are set forth in the previous opinion of the United States Fifth Circuit Court of Appeals,[2] as well as in the Government's opposition memorandum, pp. 4-8. The evidence at trial indicated a series of armed encounters with motorists in the New Orleans area resulting in multiple carjackings by a group of individuals, including Lang and Lee. Lee was apprehended on or about November 11, 2003, found hiding under a bed in a home from which Lang escaped,[3] after police entered and shots were fired, causing injury to New Orleans Police Officer Desmond Julian.

## II.  ALLEGED GROUNDS FOR RELIEF

In his application for post-conviction relief, Lee contends he is entitled to relief as a result of ineffective/inadequate assistance of both trial and appellate counsel. Lee's grounds for making such a claim are, as stated by him in his application:

1.  "whether trial counsel was constitutionally ineffective for failing to properly challenge, prior to trial, the indictment's complete failure to recite an essential element of the charged offense";

2.  "whether evidence adduced during the trial was insufficient to sustain Mr. Lee's convictions on counts charging him with conspiracy";

3.  "whether evidence was insufficient to sustain Mr. Lee's conviction for carjacking in Count 7 of the indictment"; and

4.  "whether evidence was insufficient to sustain Mr. Lee's convictions on counts charging him with violations of Sections 924(c)(1), 922(g)(1), and 924(a)(2)."

---

[2]*United States of America v. Lang, et al,* 2007 WL 1725548 (C.A. 5 (La.)) June 14, 2007.

[3]Lang was subsequently apprehended in Baton Rouge after yet another carjacking.

Lee also claims his defense "was prejudiced by the objectively unreasonable performance of counsel during the trial process, when counsel failed to properly challenge, prior to trial, the indictment's complete failure to recite an essential element of the charged offense; failed to challenge the insufficiency of the evidence regarding the conspiracy charges, the carjacking charge in Count 7, and the counts charging violations of Sections 924(c)(1), 922(g)(1), and 924(a)(2)." Lastly, Lee claims that the cumulative impact of his counsel's errors warrant vacating his conviction and sentence.

The Court initially notes that, as to the above arguments numbered 2, 3 and 4, a challenge to the sufficiency of the evidence supporting a conviction is not cognizable in a § 2255 proceeding. *Forrester v. United States,* 456 F.2d 905 (5th Cir. 1972).

### III.  LAW AND ANALYSIS

#### A.  The *Strickland* Standard

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions.[4] In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established a two-prong test to evaluate ineffective assistance claims. To obtain reversal of a conviction under the *Strickland* standard, the defendant must prove that counsel's performance fell below an objective standard of reasonableness[5] and that counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome

---

[4] *See McMann v. Richardson*, 397 U.S. 759, 711 n.14 (1970) (6th Amendment right to counsel is right to effective assistance of counsel).

[5] *See Strickland*, 466 U.S. at 687-88; *Harris v. Day*, 226 F.3d 361, 364 (5th Cir. 2000) (judicial scrutiny of counsel's performance must be highly deferential, given "strong presumption" that counsel's conduct was reasonable professional conduct).

in the proceeding.[6] A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other.[7] In deciding whether a counsel's performance was ineffective under *Strickland*, a court must consider the totality of the circumstances.[8]

Under the performance prong of *Strickland*, there is a "strong presumption"[9] that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance."[10] Courts have declined to characterize counsel's performance as ineffective assistance when counsel acted according to the defendant's restrictions on strategy,[11] when the defendant failed to provide counsel with complete and accurate information,[12] or when counsel refused to "assist[] the client in presenting false evidence or otherwise violating the law."[13]

---

[6]*See Strickland*, 466 U.S. at 687; *see also Williams v. Taylor*, 529 U.S. 362, 396-99 (2000).

[7]*See* 466 U.S. at 697; *see, e.g.*, *Martin v. Cain*, 246 F.3d 471, 477 (5th Cir. 2001) (court need not address *Strickland*'s performance prong because defendant could not show prejudice).

[8]*See* 466 U.S. at 690 (court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of reasonable professional judgment"); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[T]he right to effective assistance of counsel. . . may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial.")

[9]In interpreting the prejudice prong, the Supreme Court has identified a narrow category of cases in which prejudice is presumed. *See Strickland*, 466 U.S. at 692 (1984). The presumption applies when there has been an "[a]ctual or constructive denial of the assistance of counsel altogether", when counsel is burdened by an actual conflict of interest, or when there are "various kinds of state interference with counsel's assistance." *See id; Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). In these situations, prejudice is so likely to occur that a case-by-case inquiry is unnecessary. The circumstances for presuming prejudice are not present herein. *See Strickland*, 466 U.S. at 692; *see also U.S. v. Cronic*, 466 U.S. 648, 658 (1984).

[10]*Strickland*, 466 U.S. 668, 689 (1984).

[11]*See, e.g.*, *Moore v. Johnson*, 194 F.3d 586, 607 (5th Cir. 1999) (counsel's purported failure to expend pretrial resources in an effort to unearth evidence that may have contradicted defendant's alibi defense was not ineffective assistance because defendant chose and insisted on alibi defense).

[12]*See e.g.*, *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997) (counsel's failure to avoid eliciting damaging testimony from defense witness was not ineffective assistance because defendant did not inform counsel he molested daughter).

[13]*Nix v. Whiteside*, 475 U.S. 157, 166, 171 (1986) (counsel provided effective assistance by preventing defendant from committing perjury).

4

Since prejudice is not presumed, the defendant must show that counsel's errors were prejudicial and deprived defendant of a "fair trial, a trial whose result is reliable."[14] This burden generally is met by showing that the outcome of the proceeding would have been different but for counsel's errors.[15] However, in some cases, the court will inquire further to determine whether counsel's ineffective assistance "deprive[d] the defendant of a substantive or procedural right to which the law entitles him." In the context of a guilty plea, a defendant can satisfy the prejudice prong by demonstrating that but for counsel's deficient performance, a reasonable probability exists that the defendant would not have pleaded guilty and would have insisted on a trial.[16] Similarly, in the context of a procedurally defaulted appeal, a defendant can satisfy the prejudice prong by demonstrating that there is a reasonable probability that, but for counsel's deficient failure to consult with defendant about an appeal, defendant would have timely appealed.[17]

### 1. The Allegedly Defective Indictment

Although Lee contends that counsel failed to specify which section of 18 U.S.C. §2 in the charge, the United States Supreme Court recently disposed of this issue in *United States v. Cotton,* 122 S.Ct. 1781 (2002). See also *United States v. Longoria,* 298 F.3d 367 (5th Cir. 2002)(*en banc*). Contrary to Lee's assertions, this would not constitute a jurisdictional defect that would be cause

---

[14]*Strickland*, 466 U.S. at 687. Unlike the performance prong of the *Strickland* test, which is analyzed at the time of trial, the prejudice prong of the *Strickland* test is examined under the law at the time the ineffective assistance claim is evaluated. *See Lockhart v. Fretwell*, 506 U.S. 364, 367-68 (1993).

[15]*See Williams v. Taylor*, 529 U.S. 362, 391-93 (2000). To prove prejudice, the defendant must establish a "reasonable probability" that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 692. The Court has rejected the proposition that the defendant must prove more likely than not that the outcome would have been altered. *See id.; see also Woodford v. Viscotti*, 537 U.S. 19, 22-23 (2002).

[16]*See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see e.g. Daniel v. Cockrell*, 283 F.3d 697, 708 (5th Cir. 2002).

[17]*See Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).

for dismissal. Based upon this jurisprudence, this Court can find no error by counsel in failing to challenge Lee's indictment, as such action would have been contrary to the case law with which counsel was undoubtedly familiar.

### 2. Sufficiency of the Evidence with Regard to Conspiracy

#### A. Showing of Conspiracy[18]

Lee asserts that the evidence indicating he had participated in a conspiracy is faulty because "no witness ever testified and no evidence was ever introduced of the lengthy and organized conspiracy alleged in the indictment." (§ 2255 Motion, p. 26) He further contends that he cannot be convicted for conspiracy because he was not properly identified.

With regard to the standard evidentiary basis to prove a conspiracy, the Court gave the following charge to the jury, expressly stated from the Fifth Circuit Pattern Jury Instructions:

> In **count one** of the Superceding Indictment, the defendant **Lovelle Lang** and the defendant **Jayson Lee** are charged with conspiring with each other and others known and unknown to the grand jury, beginning at a time unknown, but prior to October 2003, and continuing to on or about December 2, 2003, to commit the offense of carjacking, in violation of 18 USC § 2119, all in violation of 18 USC § 371.
>
> For you to find each individual defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt as to each defendant:
>
> *First*: that the defendant and at least one other person made an agreement to commit the crime of carjacking, as charged in the Superceding Indictment;
>
> *Second*: that the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and
>
> *Third*: that one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the

---

[18]Lee made a similar argument on appeal. See Fifth Circuit opinion, pp. 20-22.

6

conspiracy.

In **count two** of the superceding indictment, the defendant **Lovelle Lang** and the defendant **Jayson Lee** are charged with conspiring with each other and others known and unknown to the grand jury, beginning at a time unknown, but prior to October 2003, and continuing to on or about December 2, 2003, to knowingly use, brandish and discharge certain firearms during and in relation to crimes of violence, to wit: carjacking, in violation of 18 USC § 924(n).

For you to find each individual defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt as to each defendant:

*First*: that the defendant and at least one other person made an agreement to commit the crime of knowingly using, brandishing and discharging certain firearms during and in relation to carjackings, as charged in the Superceding Indictment;

*Second*: that the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*: that one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

The next instruction relates to both the carjacking conspiracy alleged against each defendant in count one, and the firearms conspiracy alleged against each defendant in count two.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

> The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.
>
> Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.
>
> You are further instructed, with regard to each alleged conspiracy offense, that proof of several conspiracies is not proof of the single, overall conspiracy charged in the superceding indictment unless one of the several conspiracies which is proved is the single conspiracy which the superceding indictment charges. What you must do is determine whether the single conspiracy charged in the superceding indictment existed between two or more conspirators. If you find that no such conspiracy existed, then you must acquit the defendants as to that charge.
>
> However, if you are satisfied that such a conspiracy existed, you must determine who were the members of that conspiracy.
>
> If you find that a particular defendant is a member of another conspiracy, not the one charged in the superceding indictment, then you must acquit that defendant as to that count. In other words, to find a defendant guilty, you must find that he was a member of the conspiracy charged in the Superceding Indictment and not some other, separate conspiracy.

Lee, or his counsel, did not object to this instruction at the time of trial, nor did he object to this instruction on appeal, nor does he claim it is incorrect at this time. Clearly, it is not. The totality of the evidence, as stated in the various filings in this court, and as stated by the United States Fifth

Circuit in its June 14, 2007 opinion,[19] clearly provides an evidentiary basis for Lee's conviction of conspiracy offenses, beyond a reasonable doubt.

### B. Failure to Suppress Identification Evidence

In this claim, Lee asserts that his counsel's failure to file a motion to suppress evidence of his identification as the perpetrator at the Chappelle Street carjacking was erroneous and fell below the *Strickland* standard. Lee contends that the identification of him was incorrect, and that he was confused with the actual perpetrator, Stephone Washington.

Lee contends that a Government witness, Mr. Royal McField, who testified about those who perpetrated the Chappelle Street entry and carjacking, wrongfully identified him. The Court notes, however, that Mr. McField was extensively cross-examined by both counsel for co-defendant Lang as well as counsel for Lee. In fact, the record reflects that the undersigned allowed a wide berth for questioning Mr. McField, so that the jury could fully assess the accuracy/inaccuracy of his memory and the reliability/unreliability of his testimony. The record will also reflect that Mr. McField's identification testimony, even if deemed unreliable by some, was not the only identification testimony with regard to Lee's activities at the time.

At any rate, the jury could fully appreciate the weight of the evidence with regard to the activities of these two defendants; and, in fact, acquitted Lang of certain offenses after weighing all such evidence.

Lee also contends that those who later identified him from a photographic lineup were shown the same photo they might have seen on a local news report of the events of the carjackings. The

---

[19]The facts found in the record, as pertains to Lee, are succinctly recited on pp. 2-6 of the Fifth Circuit opinion, describing Lee's participation from the Chappelle Street incident up to Lee's arrest on November 11, 2003.

9

Court notes, however, that the Fifth Circuit has addressed this argument in detail in its opinion (pp. 22-25), and rejected Lee's claim of error. The Fifth Circuit has held that issues raised and disposed of in a previous appeal from a judgment of conviction are not considered in Section 2255 motions. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.1986). This assignment of error lacks merit.

### 3. Sufficiency of Evidence with Regard to the Carjacking in Count 7

Lee claims that, in Count 7 of the indictment, he was charged with carjacking a 1998 Lincoln Continental on or about November 11, 2003, from a home on Chappelle Street in New Orleans. He claims that "the government produced no evidence during the trial that would support the elements of carjacking with respect to Count 7. The 1998 Lincoln Continental was never taken from the scene where Kay Mary and her son, and her boyfriend were assaulted outside their home. If anything, the government may have proven a home invasion, but certainly not a carjacking where the car in question was never taken by the perpetrators." (§ 2255 Motion, p. 34) Lee also claims insufficiency of evidence for the same grounds set forth in *United States v. Burton,* 324 F.3d 768 (5th Cir. 2003).

The evidence at trial clearly demonstrated that Lee and his co-conspirators threatened Ms. Mary and Mr. Katz with a deadly weapon, took the Lincoln Continental and had the intent to permanently deprive them of it, and after driving it, chose to abandon it on the front lawn of the residence. Without any reasonable doubt, it was proven that the car was intentionally and forcibly removed from possession of the victims, and that Lee willingly participated in such actions. Three eyewitnesses testified at trial that Lee brandished a deadly weapon to intimidate and force Ms. Mary and Mr. Katz to follow his instructions; that Lee participated in taking control of the car, inquiring as to whether the car was equipped with a GPS tracking device; and then left the vehicle, with the

engine running, on the front lawn of the Chappelle Street residence. Sufficient evidence exists to support Lee's conviction of Count 7, and this assignment of error lacks merit.

With regard to Lee's argument under *United States v. Burton, supra,* the Court is not persuaded. Although Lee seems to indicate that his counsel's trial stipulation that the firearms and vehicles at issue had indeed traveled or effected interstate commerce somehow was improper, the Court disagrees. Counsel's stipulation as to facts clearly not subject to contravention (such as the ones stipulated to in this instance) does not create a *Strickland* violation. Furthermore, Lee has, in his application for relief, not set forth sufficient evidence or argument that the firearms and vehicles in question were somehow **not** in interstate commerce as defined in the statute and relevant jurisprudence. For these reasons, the Court finds this claim to be without merit.

### 4.   Sufficiency of Evidence with Regard to the Firearm Counts (924(c)(1), 922(g)(1) and 924(a)(2)

Lee further claims that his conviction on the firearm counts is based upon insufficient evidence, citing *United States v. Burton, supra*. Lee claims that his convictions under §§ 924(c)(1), 922(g)(1) and 924(a)(2) should be vacated "because the government failed to prove an essential element of the predicate crime of violence – the carjacking. The government failed to prove that the firearm(s) involved traveled in interstate commence, or that the vehicles that were the objects of the carjackings traveled in interstate commence." (§ 2255 Motion, pp. 36-37)

The Court has hereinabove addressed the issue of the sufficiency of the evidence to support the carjackings involved. The Court has also hereinabove addressed the issue of the firearm counts. Therefore, these arguments lack merit, for the same reasons.

### 5.   Objectively Unreasonable Performance of Counsel During Trial

Lee challenges his conviction by generally asserting that the performance of his trial counsel

was "objectively unreasonable, leading to his conviction, for all of the reasons he previously set forth in his § 2255 application for relief. The Court need not discuss these issues again, and incorporates its previous discussion hereinabove. In so doing, the Court finds that trial counsel's performance was not "objectively unreasonable", and did not prejudice the right of Lee to a fair trial.

### 6. Cumulative Impact of Counsel's Alleged Errors

Lastly, Lee claims that, when considered cumulatively, all of the alleged errors committed by his trial counsel warrant vacating his conviction and sentence. Of course, this argument presupposes that counsel did, in fact, commit errors which might, when considered separately or together, fall below the *Strickland* standard. The Court finds that no such errors exist, and therefore the cumulative impact argument is without merit. See *United States v. Floyd,* 343 F.3d 363, 371, n.6 (5th Cir. 2003).

### IV. EVIDENTIARY HEARING

Considering the foregoing disposition of Lee's claims for relief, the Court has also determined that an evidentiary hearing in this matter is unnecessary, and therefore that request is hereby **DENIED**.

### V. CONCLUSION

For the reasons stated herein, the application of Jayson Lee for relief pursuant to 28 U.S.C. §2255 be and is hereby **DENIED**.

New Orleans, Louisiana, this 7th day of July, 2008.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

12