## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 04-11** |
| **JAYSON LEE** | **SECTION "L"** |

## ORDER AND REASONS

Before the Court is Petitioner Jayson Lee's *pro se* Motion for a Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)(i). R. Doc. 333. The government opposes the motion. R. Doc. 339. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

### I.      BACKGROUND

In March 2005, a jury in the Eastern District of Louisiana found Defendant Lee guilty of Count 1: Conspiracy to Commit Carjacking, Count 2: Conspiracy to Discharge Firearms in a Crime of Violence, Count 7: Carjacking, Count 8: Brandishing a Firearm in a Crime of Violence, Count 9: Carjacking, Count 10: Brandishing a Firearm in a Crime of Violence, Count 11: Carjacking, Count 12: Discharging a Firearm in a Crime of Violence, and Count 17: Possession of a Firearm by a Convicted Felon.  R. Doc. 214 at 1. These charges stem from multiple carjackings Lee committed between October 30, 2003 and November 11, 2004. *See* R. Doc. 339 at 3-6.

On February 8, 2006, Lee was sentenced to a total of 69 years and 7 months of imprisonment on these counts. R. Docs. 212; 214. In addition, this sentence was to run consecutive to a 24-month term of imprisonment for violations of his supervised release in a previous case.[1] In total, Lee's sentence was 859 months. *Id.* at 2. Lee is currently incarcerated at the USP Pollock, Louisiana and has a projected release date of June 11, 2065.[2]  *Id.*

---

[1] *United States of America v. Jayson Lee*, Criminal Action No. 98-232.

[2] *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited July 19, 2021).

## II.      PRESENT MOTION

On May 24, 2021, Mr. Lee filed the instant *pro se* motion for compassionate release seeking a reduction in his sentence pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i).  R. Doc. 333  Mr. Lee argues that extraordinary and compelling circumstances warrant a reduction in his sentence because his case involves the "stacking" of consecutive mandatory minimum sentences under 18 U.S.C. § 924(c)(1)(C)—a practice which Congress has since eliminated.  R. Doc. 333 at 15-16. According to the Petitioner's calculations, a defendant today with similar charges would face a much lower sentence. *Id.* at 22. Mr. Lee further argues that he has matured greatly over the last 17 years while incarcerated and has made significant efforts toward rehabilitation, such as completing over 3000 hours of educational and wellness courses. *Id.* at 21.  He avers that he has his family's full support and plans to work a mid-level construction job upon his release. *Id.* at 19.

The government opposes the motion, arguing that the Petitioner failed to establish extraordinary and compelling circumstances that would justify a sentence reduction. R. Doc. 339. The government concedes that the Fifth Circuit has held that district courts must consider whether §924(c) stacking "in whole or in part" may constitute grounds for compassionate release. *Id.* at 11 (citing *United States v. Cooper*, 996 F.3d 283 (5th Cir. 2021)). However, the government maintains that because Congress declined to make the amendment retroactive, no extraordinary reasons for a sentence reduction exist under these circumstances. Moreover, the government argues that Mr. Lee is still a danger to his community, citing the egregious facts of his underlying convictions and his numerous disciplinary infractions while incarcerated.  *Id.*  The government further contends that Lee's proclivity for violence weighs in favor of a heavy sentence and posits that releasing an offender with a history of carjackings during a time when carjackings are on the rise in the Eastern District Louisiana would not afford adequate deterrence to such conduct. *Id.* at 17-18.

## III.  LAW & DISCUSSION

### a.  Exhaustion of Administrative Remedies

Although historically sentence reductions could be ordered only upon a motion by the Director of the Bureau of Prisons,[3] the First Step Act of 2018 amended the statute governing compassionate release to allow prisoners to petition the court directly after first exhausting their administration remedies. Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). 18, United States Code § 3582(c)(1)(A), now provides:

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A). The requirement that a defendant file a request with the BOP before filing a motion in federal court is a "mandatory claim-processing rule." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). Mr. Lee submitted a request for a reduction of sentence to his warden for on April 5, 2021, which the BOP denied on May 11, 2021. R. Doc. 339-2 at 4. Accordingly, the Court finds that Mr. Lee has exhausted his administrative remedies and pursuant to §3682(c)(1)(A), his present motion is timely and must be considered by the Court.

### b.  Extraordinary and Compelling Reasons

The Court must now consider whether there are "extraordinary and compelling reasons" that justify a reduction of Mr. Lee's current sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i) (A court may reduce a term of imprisonment only if "extraordinary and compelling reasons warrant such a

---

[3] Notably, under the previous procedural framework, "the BOP Director rarely did so." *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) (citing Hearing on Compassionate Release and the Conditions of Supervision Before the U.S. Sentencing Comm'n (2016) (statement of Michael E. Horowitz, Inspector General, Dep't of Justice)).

reduction."). Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Despite the material changes Congress made to compassionate release procedures in the First Step Act discussed above, the Sentencing Commission has not updated its § 1B1.13 policy statement on compassionate release. In fact, a portion of the policy statement now squarely contradicts § 3582(c)(1)(A) as amended. For example, the policy statement continues to plainly provide that a term of imprisonment may be reduced only upon a motion by the Director of the Bureau of Prisons. U.S.S.G. 1B1.13

This discrepancy has led to uncertainty among district courts as to whether § 1B1.13 is an applicable policy statement for motions filed by prisoners like Lee. *See e.g.*, *United States v. Reed*, 464 F. Supp. 3d 854, 858 (E.D. La. 2020); *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019); *United States v. Cantu*, 423 F.Supp.3d 345, 352–53 (S.D. Tex. 2019); *United States v. Brown*, 411 F. Supp. 3d 446, 451–52 (S.D. Iowa 2019). The Fifth Circuit has since clarified that it is not. *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) (holding that §1B1.13 is not an "applicable policy statement" to compassionate release motions filed by prisoners).

The Circuit concluded that district courts have full discretion to define "extraordinary and compelling" and are not bound by the policy statement § 1B1.13 or its commentary when addressing inmate's own motions under § 3582. *Id*. Every circuit to have addressed the issue has also agreed. *United States v. Aruda,* 993 F.3d 797 (9th Cir. 2021) (per curiam); *United States v. McGee*, 992 F.3d 1035, 1050–51 (10th Cir. 2021); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

### i. *Stacking of Mandatory Minimums under 18. U.S.C. § 924(c)*

In the present motion, Mr. Lee argues that extraordinary and compelling circumstances support a reduction in his sentence in light of Congress' dramatic reduction under the First Step Act of the penalties he received on his three "stacked" § 924(c) convictions.

Section 924(c) provides for mandatory minimum terms of imprisonment whenever a firearm is used or possessed during and in relation to a federal crime of violence. 18 U.S.C. §924(c). At the time of Lee's conviction, 18 U.S.C. § 924(c) included a "stacking" provision that required a district court to impose consecutive sentences of 25 years' imprisonment for "second or subsequent" convictions of the statute, even if those convictions occurred at the same time as a defendant's first conviction under the statute. This "stacking" provision had significant implications for Lee because he had three such § 924(c) convictions in the same indictment. As a result, at the time of sentencing, Lee faced a mandatory minimum sentence of 57 years on those counts alone.

Then in 2018, as part of the sweeping criminal justice reform of the First Step Act, Congress amended § 924(c) to ensure that stacking applied only to defendants who were truly recidivists.[4] Under the First Step Act's new framework, only a defendant who has a prior final § 924(c) conviction is subject to the escalating mandatory-minimum sentences for a subsequent § 924(c) conviction. First Step Act, § 403(a) (codified at 18 U.S.C. 924(c)(1)(C)). Accordingly, if Lee were sentenced today, the applicable § 924(c) mandatory consecutive minimums in his case would be reduced by 33 years, from 57 years to 24 years.

---

[4] Stakeholders of the criminal justice system had long criticized the practice of stacking of mandatory minimum penalties for multiple § 924(c) convictions. *See e.g.*, *United States v. Henry*, 983 F.3d 214, 218 n.1 (6th Cir. 2020) (describing opposition to this practice by the United States Sentencing Commission and the Judicial conference).

There is a growing consensus among Circuit courts that the severity of a (pre-First Step Act) § 924(c) sentence, combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an "extraordinary and compelling" reason for relief in certain cases. *See United States v. Cooper,* 996 F.3d 283, 289 (5th Cir. 2021) (instructing a district court on remand to consider whether nonretroactive sentencing changes to § 924(c) conviction may amount to extraordinary and compelling reasons for a reduction in sentence); *see also United States v. McCoy,* 981 F.3d 271, 285 (4th Cir. 2020); *United States v. Black*, 999 F.3d 1071, 1076 (7th Cir. 2021); *United States v. Owens*, 996 F.3d 755, 760 (6th Cir. 2021).

Here, there is a gross disparity between Lee's sentence and a likely sentence for identical criminal conduct today. *See United States v. Brown,* 457 F. Supp. 3d 691, 703 (S.D. Iowa 2020) ("[I]t is hard to argue that the manifest unfairness of keeping a man in prison for decades more than if he had committed the same crime today is neither extraordinary nor compelling."). The Court finds it probable that Lee's total sentence today would be roughly half of his current sentence: 38 years and 7 months, rather than 71 years and 7 months.[5]  Importantly, this disparity is primarily the result of what one district court described as a "legislative rejection of the need to impose sentences under § 924(c), as originally enacted, as well as a legislative declaration of what level of punishment is adequate." *United States v. Redd*, 444 F. Supp. 3d 717, 723 (E.D. Va. 2020);

---

[5] The government also contends that Mr. Lee "vastly miscalculates his exposure if sentenced today" because he would face a maximum sentence of up to life. R. Doc 339 at 14. However, this argument fails to recognize that Lee's 859-month sentence was still unusual. First, Section 2K2.4 of the Sentencing Guidelines provide that for a defendant who is convicted of §924(c), the guideline sentence is the minimum term of imprisonment required by statute. Second, Lee had a criminal history category of IV. R. Doc. 339 at 2. In fiscal year 2006, when Lee was sentenced, the average sentence in category IV for a firearm or robbery defendant was 115.7 months and 101 months respectively. While Lee was sentenced for several carjackings, his 859-month sentence was clearly an outlier. U.S. Sent'g Comm'n, 2006 Sourcebook of Federal Sentencing Statistics, tbl. 14 (2006). "It is also worth noting that statistically, persons convicted of three or more § 924(c) charges were, and remain, relatively small." *See United States v. Redd*, 444 F. Supp. 3d 717, 729 (E.D. Va. 2020) (citing statistical data that demonstrates that only approximately 6% of defendants convicted under §924(c) were convicted of multiple counts).

*see also United States v. Young*, 458 F. Supp. 3d 838, 847–48 (M.D. Tenn. 2020) (reasoning that the fact that Congress characterized **i**ts action as a "clarification of § 924(c)" suggests that it never intended the triggering of such harsh penalties upon a first conviction in the first instance).

In addition, Lee was only 23 years old at the time of the carjackings. Age at the time of conviction is "a factor that many courts have found relevant under § 3582(c)(1)(A)(i)." *United States v. McCoy,* 981 F.3d 271, 286 (4th Cir. 2020); *see also United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *5 (D. Utah Feb. 18, 2020), *aff'd*, 993 F.3d 821 (10th Cir. 2021) (concluding that defendant's young age of 24 at sentencing was a factor that established extraordinary reasons for a sentence reduction); *United States v. Nafkha*, No. 2:95-CR-00220-001-TC, 2021 WL 83268, at *5 (D. Utah Jan. 11, 2021) (finding defendant's young age of 23 at the time of sentencing to be an "important consideration").

The government argues that that the changes to § 924(c) cannot serve as the basis for a sentence reduction under § 3582(c)(1)(A)(i) because the First Step Act did not make the amendments to § 924(c) retroactive. The Court is not persuaded by this argument. As other courts have reasoned, "[i]t is not unreasonable for Congress to conclude that not <u>all</u> defendants convicted under § 924(c) should receive new sentences, even while expanding the power of the courts to relieve <u>some</u> defendants of those sentences on a case-by-case basis." *See United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *7 (D. Utah Feb. 18, 2020), *aff'd*, 993 F.3d 821 (10th Cir. 2021); *United States v. Bryant*, No. CR 95-202-CCB-3, 2020 WL 2085471, at *3 (D. Md. Apr. 30, 2020), *aff'd sub nom. United States v. McCoy,* 981 F.3d 271 (4th Cir. 2020). Moreover, granting compassionate release on the basis of the amended § 924(c) is not obviously contrary to congressional intent. *See United States v. McPherson*, No. 3:94-cr-05708-RJB, 2020 WL 1862596, *5 (W.D. Wa. Apr. 14, 2020) ("Section 3582 (c)(1)(A) provides a safety valve

against what otherwise would be a harsh, unjust, and unfair result stemming from a non-retroactivity clause.")

The Court therefore finds the incredible length of Lee's stacked mandatory sentences under § 924(c), his young age at the time of the offenses of conviction, and the fact that he would likely not receive the same sentence if the crime occurred today constitutes extraordinary and compelling grounds to reduce his sentence as to Counts 8, 10, and 12, which make up his three § 924(c) convictions. *See, e.g., United States v. Urkevich,* No. 8:03CR37, 2019 WL 6037391, at *8 (D. Neb. Nov. 14, 2019) ("A reduction ... is warranted by extraordinary and compelling reasons, specifically the injustice of facing a term of incarceration forty years longer than Congress now deems warranted for the crimes committed."); *Maumau*, 2020 WL 806121, at *7 ("[T]he changes in how 924(c) sentences are calculated is a compelling and extraordinary reason to provide relief on the facts present here."); *United States v. Chan*, No. 96-cr-00094, 2020 WL 1527895, at *5 (N.D. Cal. Mar. 31, 2020) ("[W]hen the Court considers the record presented by Chan regarding his rehabilitation efforts in combination with the amendments to Section 924(c)'s stacking provisions, the Court concludes he has demonstrated extraordinary and compelling reasons to reduce his sentence"); *United States v. Nafkha*, No. 2:95-CR-00220-001, 2021 WL 83268, at *4 (D. Utah Jan. 11, 2021) (finding that the defendant's "young age at the time of sentencing, the incredible length of his sentence, and Congress's subsequent decision to amend § 924(c), considered together, establish extraordinary and compelling reasons for his compassionate release"); *United States v. Rollins,* No. 99 CR 771-1, 2021 WL 1020998, at *4 (N.D. Ill. Mar. 17, 2021) (concluding the defendant's 106-year sentence for four stacked § 924(c) charges presented an extraordinary reason for a sentence reduction).

**C. Section 3553(a) Factors**

Having determined that an extraordinary and compelling reasons exist that warrants a sentence reduction, and Court must next consider the applicable factors set forth in section 3553(a) to determine whether a reduced sentence is appropriate and if so, what that sentence should be.

Mindful of the § 3553(a) factors, the Court has carefully considered the record pertaining to (1) Mr. Lee's sentence relative to the nature and seriousness of his offense; (2) his personal history and characteristics; (3) the need for a sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need to afford adequate deterrence; (5) the need to protect the public from further crimes of the defendant; (6) the need to provide rehabilitative services; (7) the applicable guideline sentence; and (8) the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(1)-(6).[19] These considerations are to be measured against the overarching principle that a sentence is to "be sufficient, but not greater than necessary," to accomplish the goals of sentencing. 18 U.S.C. § 3553(a). Under the particular facts and circumstances of this case, the Court finds that the 71-year and 7 months sentence imposed on Lee is far more than necessary to fulfill the purposes of a criminal sentence.

The first § 3553(a) factor is "the nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* §3553(a)(1). Lee's crimes were serious offenses that included aggravating factors such as home invasion. Although Lee did not physically injure anyone, any armed carjacking puts life in danger and may exact a psychological toll on victims. Additionally, Lee's personal history and characteristics are mixed. He spent his teenage years in and out juvenile detention, with charges for curfew violation, running away, and battery. R. Doc. 339-3 at 16-18. Most concerning, Lee participated in a bank robbery in 1998, to which he pled

guilty and admitted that he committed the offense due to a drug problem. R. Doc. 339-4 at 5. While it is true that a defendant who is 23-years old cannot entirely blame his youth for his actions, Mr. Lee's age and maturity today support the conclusion that he is less likely to engage in dangerous criminal conduct. § 3553(a)(2)(D). Mr. Lee, now age 41, has spent almost half his life in prison. Based on his age alone, he is statistically less likely to recidivate upon his release.[6]

Lee has acknowledged his participation in these grave crimes and has expressed sincere remorse in his writings. R. Doc. 333-1 at 2. Perhaps more importantly, he avers that he has dedicated himself to evolving into a law-abiding citizen and hopes to deter others from going down at similar path. R. Doc. 333 at 18-19. While his disciplinary record in prison includes 22 infractions over the course of 17 years, this does not preclude a finding that his sentence as to the § 924(c) convictions should be reduced. *Id.* at 16. If the Court reduces Lee's sentence on the § 924(c) convictions to the 24-year mandatory minimum prescribed today, he will not be eligible for immediate release. Lee will be subject to his remaining sentence of 21 years, during which time he will continue to benefit from further educational, vocational, and correctional treatment. § 3553(a)(2)(D).

Courts must also consider the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and "to afford adequate deterrence to criminal conduct." § 3553(a)(2)(A)-(B). The Court finds that a reduced sentence as to the § 924(c) convictions of 24 years (the sentence presently prescribed by the First Step Act and Sentencing Guidelines) adequately meets these goals. In total with this

---

[6] *See* United States Sentencing Commission, *The Effects of Aging on Recidivism Among Federal Offenders*, p. 30 (December 2017), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207 Recidivism-Age.pdf ("Among offenders released younger than age 21, 67.6 percent were rearrested compared to 13.4 percent of those released age 65 or older. The pattern is consistent across age groups, as age increases recidivism by any measure declined. Older offenders who do recidivate do so later in the follow-up period, do so less frequently, and had less serious recidivism offenses on average.").

reduction, Lee faces a nearly 39-year sentence. He has thus far served 17 years and has 21 years remaining. This sentence is by any means very substantial punishment that reflects the gravity of the underlying offense conduct, provides just punishment, and serves as a deterrent to criminal conduct.

Lastly, a particularly relevant factor in this case is the "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(6). This factor favors a sentence reduction due to the extreme disparity between Lees' over 71-year sentence and sentences imposed after enactment of the First Step Act on similar defendants with similar records. As discussed above, a defendant convicted today of the same charges as Lee would face a statutory minimum prison term that is 33 years less than Lee faced. What's more, Lee's original 859-month sentence is also substantially longer than the average sentence imposed in recent years for at least as serious, if not more, serious crimes.[7]

In view of these considerations, the Court concludes that a reduction to 24 years, from 57 years, is warranted as to Mr. Lee's three § 924(c) convictions; and the Court will so reduce Mr. Lee's sentence, all other terms and conditions of his original sentence to remain the same. The Court commends the Petitioner for his  rehabilitative efforts to date, as evidenced by his over 3000 hours of educational and wellness courses, and encourages him to continue to make successful strides toward self-improvement. *See* R. Doc. 333-1 at 8.

## IV.    CONCLUSION

For the foregoing reasons,

---

[7] *See* United States Sentencing Commission, Statistical Information Packet, Fiscal Year 2020, Fifth Circuit, available at   https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2020/5c20.pdf. In 2020, the average sentence in federal courts for murder was 255 months nationally and 275 months in the Fifth Circuit; for kidnapping, 195 months nationally and 228 months in the Fifth Circuit; and for robbery 105 months nationally and 115 months in the Fifth Circuit.

**IT IS ORDERED** that Petitioner's motion for a sentence reduction is **GRANTED** as stated herein. His sentence of 684 months, or 57 years, for his three convictions under 18 U.S.C. 924(c) is **REDUCED** to a total of 288 months, or 24 years, to run consecutive to his sentences of 151 and 24 months, for a total sentence of 463 months, or 38 years and 7 months, with credit for time served, with all other terms and conditions previously imposed to remain in effect.

New Orleans, Louisiana, this 23rd day of July, 2021.

UNITED STATES DISTRICT JUDGE