UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 04-11 |
| JAYSON LEE | SECTION "L" |

## ORDER AND REASONS

Before the Court is *pro se* Defendant Jayson Lee's "Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e)." R. Doc. 343. The government opposes the motion. R. Doc. 348. Defendant filed a reply. R. Doc. 349. Having considered the parties' arguments, the record, and the applicable law, the Court now rules as follows.

I. BACKGROUND

In March 2005, a jury in the Eastern District of Louisiana found Defendant Lee guilty of Count 1: Conspiracy to Commit Carjacking, Count 2: Conspiracy to Discharge Firearms in a Crime of Violence, Count 7: Carjacking, Count 8: Brandishing a Firearm in a Crime of Violence, Count 9: Carjacking, Count 10: Brandishing a Firearm in a Crime of Violence, Count 11: Carjacking, Count 12: Discharging a Firearm in a Crime of Violence, and Count 17: Possession of a Firearm by a Convicted Felon. R. Doc. 214 at 1. These charges stem from multiple carjackings Lee committed between October 30, 2003 and November 11, 2004. *See* R. Doc. 339 at 3-6.

On February 8, 2006, Lee was sentenced to a total of 69 years and 7 months of imprisonment on these counts. R. Docs. 212; 214. In addition, this sentence was to run consecutive to a 24-month term of imprisonment for violations of his supervised release in a previous case.[1] In total, Lee's sentence was 859 months. *Id.* at 2.

---

[1] *United States of America v. Jayson Lee*, Criminal Action No. 98-232.

On May 24, 2021, Lee filed a *pro se* motion for compassionate release seeking a reduction in his sentence pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i). R. Doc. 333. On July 23, 2021, this Court granted the motion and reduced Lee's sentence his three convictions under 18 U.S.C. 924(c) from 684 months, or 57 years, to a total of 288 months, or 24 years. R. Doc. 342 at 12. In other words, Lee's sentenced was reduced by 396 months or 33 years. The Court reasoned that Congress's "dramatic reduction under the First Step Act of the penalties" for so-called "stacked" 18 U.S.C. § 924(c) convictions—of which Defendant had received three such convictions— constituted "extraordinary and compelling" circumstances under 18 U.S.C. § 3582(c)(1)(A) that warranted a sentencing reduction. The Court, as statutorily-mandated, carefully considered the sentencing factors under § 3553(a) and concluded that these factors justified a 33-year reduction in Defendant's sentence as to his three § 924(c) convictions. *Id.* at 11.

## II.   PRESENT MOTION

Defendant Jayson Lee moves to alter or amend the Court's order granting his prior motion for a reduction in sentence as Lee seeks an additional reduction in sentence. R. Doc. 343. He asks the Court to "exercise its discretion under 18 U.S.C. [§] 3584(b) to consider the total impact the 288[-]month sentence for the three convictions under 18 U.S.C. § 924(c), [*sic*] also the 24[-]month violation of his supervised release sentence that runs consecutive to the advisory guideline[s] sentence of 151 months for counts 7, 9 and 11 truly ha[ve] on each other." *Id.* at 2-3. Lee argues that the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017) supports a further reduction in his sentence. *Id.* at 4-9. Based on *Dean*, Lee asserts that his sentences for counts seven, nine, and eleven—151-month concurrent sentences for carjacking— should be reduced to match the sentence imposed for count one—a 60-month sentence for

2

conspiracy to commit carjacking.[2] *Id.* at 8. Additionally, Lee contends that the § 3553(a) factors weigh in favor of a greater reduction in sentence than this Court already ordered. *Id.* at 9-11. Defendant cites the unstable environment in which he was raised, his relative youth at the time of his crimes, his maturation while incarcerated, and his plans to assist "misguided youth" when he completes his prison sentence as considerations that warrant a further reduction in sentence. *Id.* at 9-12.

The government opposes Lee's motion. R. Doc. 348. It notes that the Court's prior order on Lee's motion to reduce his sentence already applied the § 3553(a) factors to Defendant's case and that "[n]o material fact has changed to disturb the Court's ruling, and no legal basis has been asserted for the proposed additional reduction of sentence." *Id.* at 1. The government also argues that none of the § 3553(a) factors weigh in favor any further reduction in sentence. *Id.* at 6-7.

### III. APPLICABLE LAW

#### A. Motion to Alter or Amend a Judgment

A district court has continuing jurisdiction over its criminal cases and may reconsider its prior decisions. *See United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975). Courts should apply the standards set forth by the Federal Rules of Civil Procedure for motions to reconsider in criminal cases. *See United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75, 78-79 (1964)). A motion to alter or amend a judgment under Rule 59(e) is the proper means to contest an order when the motion is filed within twenty-eight days of the order a

---

[2] Lee's motion also argues that his sentences as to counts 7, 9, and 11 should be reduced to be equivalent to his sentence as to count 2. R. Doc. 343 at 8. Defendant's argument is predicated on his mistaken belief that he was sentenced to 60 months' imprisonment on count 2. R. Doc. 343 at 8. In fact, the judgment reflects that, as to count two, an offense for conspiracy to discharge firearms in a crime of violence in violation of 18 U.S.C. § 924(n) and 2, Lee was sentenced to 151 months of imprisonment—the same sentence imposed as to counts 7, 9, and 11. R. Doc. 214 at 2.

litigant seeks to challenge. *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Here, the instant motion was filed within twenty-eight days of the Court's order that Lee challenges, and thus Rule 59(e) applies.³

A motion for reconsideration under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* Instead, a Rule 59(e) motion merely allows "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.,* 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records,* 370 F.3d 183, 195 (1st Cir. 2004)). Rule 59(e) also allows a party to bring an intervening change in the controlling law to the Court's attention. *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003). Rule 59(e) relief is an extraordinary remedy and should be used sparingly. *See Templet*, 367 F.3d at 479. Thus, although district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," *Hale v. Townley,* 45 F.3d 914, 921 (5th Cir. 1995), Rule 59(e) favors the denial of such motions. *S. Constructors Grp., Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir. 1993).

---

³ The motion is dated July 30, 2021, and was filed with the Clerk's Office on August 4, 2021. R. Doc. 343. Under the prison mailbox rule, a submission by a *pro se* inmate is deemed filed on the date that the inmate gives the document to prison authorities to be mailed to the court rather than the date it is filed with the court. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988). In this case, that date cannot be discerned from the record, as the stamped date on the envelope containing Defendant's filing is illegible. Nonetheless, it is clear that the motion must have been submitted to prison authorities no later than August 4, 2021. The order that Defendant contests was entered on July 23, 2021, R. Doc. 342. Thus, Lee's present motion was filed well within twenty-eight days of that order, and Rule 59(e) applies.

4

### B. Motion for Compassionate Release

Although a court is generally prohibited from modifying an already-imposed term of imprisonment, 18 U.S.C. § 3582(c) allows a court to reduce a sentence if, after considering the applicable § 3553 factors, "extraordinary and compelling reasons exist" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute also imposes certain procedural requirements. Specifically, § 3582(c)(1)(A) allows an inmate to seek compassionate release from the district court provided he has first filed an internal request to the warden of his facility for a sentence reduction and either (1) "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act on his behalf; or (2) waited thirty days from the warden's receipt of such a request. *Id.*

In sum, courts routinely consider three requirements when determining whether compassionate release is appropriate: (1) whether the defendant has exhausted administrative remedies; (2) whether extraordinary and compelling reasons exist; and (3) whether defendant poses a danger to the safety of any other person or society. The defendant bears the burden of demonstrating that these elements are satisfied. *United States v. Davis*, No. CR 07-357, 2020 WL 2838588, at *2 (E.D. La. June 1, 2020).

### IV. DISCUSSION

In this case, the Court, in its challenged order, already determined that Defendant exhausted his administrative remedies and that extraordinary and compelling grounds existed such as to justify a reduction in sentence. R. Doc. 342 at 3, 8. The Court then reviewed each of the § 3553(a) sentencing factors "to determine whether a reduced sentence is appropriate and if so, what that sentence should be." *Id.* at 9-11. Lee's instant motion cites several § 3553(a) factors as weighing in favor of a sentence reduction, including his maturation while incarcerated and

efforts to rehabilitate himself. But he cited these same factors in his prior motion for a reduction in sentence. *Compare* R. Doc. 342 at 2 *with* R. Doc. 343 at 10. And the Court expressly accounted for these considerations in its prior order. Thus, Lee essentially asks this Court to reweigh the sentencing factors based on arguments he already made and to arrive at a different result. The Court declines Lee's invitation. A Rule 59(e) motion should not be used to re-raise arguments that have already been rejected. *See Templet*, 367 F.3d at 478.

Lee also argues that the Supreme Court's decision in *Dean* militates in favor of a further reduction in sentence. R. Doc. 343 at 4-10. In *Dean*, a defendant was convicted of two counts under § 924(c) for using or possessing a firearm in connection with a violent or drug trafficking crime. 137 S. Ct. at 1174. The mandatory minimum sentence for these two offenses totaled 30 years' imprisonment. And by statute, the sentence for the § 924(c) convictions was to run consecutive to the sentence imposed for any other offense. *Id.* The sentencing court in *Dean* believed that, because the sentences imposed for the § 924(c) violations had to run consecutively to any other term of imprisonment, the defendant's combined 30-year mandatory minimum sentence under § 924(c) could not be considered in determining the appropriate sentences for the defendant's other convictions. *Id.* at 1175. Thus, even though the sentencing court stated that a sentence of 30 years plus one day imprisonment was "more than sufficient" as to all offenses, it thought it was required to "disregard" the mandatory minimum sentence under § 924(c) in fashioning a sentence as to the other counts of conviction and ultimately imposed a total sentence of over 33 years.

The Supreme Court unanimously rejected the sentencing court's view. *Id.* at 1178. The *Dean* Court explained that a sentencing court, in determining an appropriate sentence, may consider the sentence imposed as to each of conviction—including any mandatory minimum

sentences imposed. *Id.* at 1176. Indeed, certain of the § 3553(a) factors—such as the need for the sentence imposed to protect the public from further crimes of the defendant—contemplate that a sentence court will consider the aggregate sentence imposed in determining the sentence as to a particular count.

At the outset, the Court notes that *Dean* was decided in 2017, several years before Defendant filed his initial motion for a reduction in sentence, and thus Defendant could have cited it in his original motion for a reduction in sentence. *See Schiller*, 342 F.3d at 567–68 (explaining that motions under Rule 59(e) permit a court to re-examine a prior order based on an *intervening* change in governing law). In any event, nothing in the *Dean* Court's decision furnishes a basis for any further reduction in Defendant's sentence. Unlike the sentencing court in *Dean*, there is no indication from the sentencing transcript in this case that the Court thought that it was barred from considering the length of the mandatory minimum sentences imposed as to Defendant's three § 924(c) offenses in determining the sentences as to Lee's other counts of conviction. R. Doc. 248.[4] And consistent with the holding in *Dean*, this Court was aware of and specifically accounted for the total sentence that Defendant faced as to all counts when it previously reduced his sentence as to his § 924(c). R. Doc. 342 at 11. In other words, this Court knew it had discretion to consider the mandatory minimum sentence imposed under § 924(c) in "calculating each individual sentence." *Dean*, 137 S. Ct. at 1177. Exercising this discretion, the Court determined that Defendant was entitled to a 33-year reduction in sentencing, no more and no less. *Dean*, 137 S. Ct. at 1177.

---

[4] Judge Kurt Engelhardt presided over the sentencing in this matter. The case was re-allotted to this Section upon Judge Engelhardt's elevation to the United States Court of Appeals for the Fifth Circuit.

Based on the foregoing, Defendant does not persuasively explain how *Dean* supports his request to dramatically reduce the 151-month concurrent sentences imposed as to counts 7, 9, and 11 for carjacking down to 60 months'. Defendant appears to equate his carjacking offenses with his conviction under count one for conspiracy to commit carjacking, for which he received a 60-month sentence. But the substantive offense of carjacking carries different penalties than conspiracy to commit carjacking. *Compare* 18 U.S.C. § 2119(2) *with* 18 U.S.C. §371. And again, nothing in the record suggests the Court lacked awareness of its discretion to consider the aggregate sentence imposed in deciding the sentence as to each individual count of conviction.

In sum, Defendant has not offered any new, convincing rationale for reevaluating the §3553(a) sentencing factors, nor has he pointed to any intervening change in governing law that would mandate any diminishment in his sentence beyond the 33-year reduction in imprisonment that this Court, in its discretion, already ordered under 18 U.S.C. § 3582(c) and the § 3553(a) sentencing factors.

### V.  CONCLUSION

For these reasons,

**IT IS ORDERED** that Defendant's "Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e)," R. Doc. 343, is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Expedite the Judgment and/or Order, R. Dc. 346, is **DENIED** as moot.

New Orleans, Louisiana, this 23rd day of May, 2022.

_____
UNITED STATES DISTRICT JUDGE